Richard Morin (SBN 285275)
Bryce Fick (SBN 322951)
Law Office of Rick Morin, PC
500 Newport Center Drive Suite 610
Newport Beach, CA 92660
Phone: (949) 996-3094
Email: legal@rickmorin.net

Attorney for Plaintiff

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Cathy Lee Brigman, | Case No. |
| Plaintiff, | **COMPLAINT** |
| v. | |
| Anderson Pacific Associates, a limited partnership, Cambridge Real Estate Services, Inc., | |
| Defendant. | |

Plaintiff Cathy Lee Brigman ("Plaintiff") alleges:

## INTRODUCTION

1. Plaintiff brings this action against Anderson Pacific Associates ("Anderson") and Cambridge Real Estate Services, Inc. ("Cambridge") for unlawfully and intentionally discriminating against Plaintiff because of Plaintiff's disability/handicap and denying Plaintiff equal access to the housing accommodation located at the commonly known address 2300 State Highway 273, Unit D13, Anderson, CA 96007 ("Accommodation"), at the complex known as Blue Oak Court.

## PARTIES

2. Plaintiff is a natural person. At all times relevant to this Complaint, Plaintiff is and has been considered disabled and handicap.

3. Anderson is a California limited partnership that owns, manages, and/or operates the

complex that includes the Accommodation.

4. Cambridge is a California corporation that manages and/or operates the complex that includes the Accommodation. Cambridge is believed to be the agent of Anderson, acting on Anderson's behalf in the management and/or operation of the Blue Oak Court complex.

5. Cambridge and Anderson are herein referred to collectively as "Defendants".

## THE ACCOMODATION

6. The Accommodation is a unit in a multifamily, residential apartment complex/community, which is intended for occupancy as a residence by one or more families.

## JURISDICTION AND VENUE

7. The Court has subject matter jurisdiction over the action pursuant to 28 U.S.C. §§ 1331 and 1343.

8. Pursuant to supplemental jurisdiction, 28 U.S.C. § 1367, attendant and related causes of action, arising from the same nucleus of operative facts and arising out of the same transactions, are also brought under California state law.

9. Venue is proper in this court pursuant to 28 U.S.C. § 1391(b) and is founded on the fact that the property is within this judicial district and Plaintiff's cause of action arose in this district.

## FACTUAL ALLEGATIONS

10. Plaintiff suffers from a disability and/or medical conditions that are a disability or disabilities.

11. Plaintiff suffers from mental disorders. In addition, Plaintiff suffers from back problems that make it very difficult for her to walk any real distance, and Plaintiff has Chronic obstructive pulmonary disease and asthma. Plaintiff uses oxygen to assist her breathing at night.

12. Plaintiff's symptoms limit, some substantially, Plaintiff's major life activities.

13. Plaintiff receives social security benefits.

14. The Accommodation is a disabled access apartment, at which Plaintiff has lived for three years.

15. Plaintiff utilizes an assistance animal to address the challenges resulting from and to alleviate the symptoms of Plaintiff's disabilities, which Plaintiff deals with on a daily basis.

16. Plaintiff lives with her assistance animal, Billie, a golden retriever.

17. Billie provides emotional and cognitive support to Plaintiff.

18. Because of Plaintiff's mobility disability, Plaintiff is unable to walk Billie long distances for Billie to 'go to the restroom.'

19. Cambridge has been harassing Plaintiff.

20. While Plaintiff has been living in the Accommodation, Cambridge has performed frequent and unnecessary inspections of Plaintiff's unit. Plaintiff estimates that inspections are take place every 4-6 weeks for no legitimate reason. Cambridge claims that these inspections are general inspections.

21. During the inspections, the inspectors will look around much of Plaintiff's unit, even opening Plaintiff's private closet.

22. In March 2022, Plaintiff wrote a letter to Cambridge asking that Cambridge cease the unnecessary inspections of her unit or least provide a weeks' notice for inspections and have a third-party present.

23. No one responded to Plaintiff's request.

24. After sending the letter asking Defendants to cease their illegal inspections of her housing, Plaintiff received a "Notice of Disturbance / Noncompliance from Cambridge on behalf of Anderson.

25. The notice was in retaliation for Plaintiff complaining about the unlawful inspections of her housing. In it, Cambridge threatened to serve Plaintiff with a 3-day notice to cure the supposed violation or forfeit her tenancy. It also informed her that "This Notice will be placed in your file."

26. The notice alleged that Plaintiff allowed Billie off leash and to 'to use the restroom' on the property without cleaning up after her assistance animal. But Plaintiff did not allow Billie to wonder on the property off-leash, nor does she allow her assistance animal to defecate on Defendants' property. Plaintiff is informed and believes, and on that basis alleges, that Defendants are creating the pretext to evict Plaintiff from her housing because of her complaints regarding Defendants illegal inspection scheme.

27. Plaintiff would like to continue to live at the Accommodation.

28. Plaintiff has been injured as result of Defendants conduct, including, but not limited to, emotional distress, frustration, and embarrassment.

## FIRST CAUSE OF ACTION

Violations of the Fair Housing Act

42 U.S.C. §§ 3601 *et seq.*

29. Plaintiff hereby incorporates the previous paragraphs as if they had been fully stated herein.

30. The Accommodation was and is a dwelling.

31. Plaintiff's dog was and is an assistance animal.

32. Plaintiff is handicapped.

33. Defendants lease and have leased buildings or structures, or a portion thereof, occupied as or designed or intended for occupancy as a residence by one or more families.

34. Defendants discriminated against Plaintiff in the terms, conditions, and/or privileges in the rental of the dwelling because of Plaintiff's handicap, including refusing to make reasonable accommodation in rules, policies, practices, and/or services when such accommodations are necessary to afford Plaintiff equal opportunity to use and enjoy a dwelling.

35. Moreover, Defendants' actions constitute harassment.

36. Lastly, Defendants have failed to engage in an interactive process to discuss Plaintiff's disability-related need for accommodation and possible alternative accommodations.

37. Plaintiff seeks actual damages, punitive damages, an injunction, reasonable attorney's fees and costs, including expert witness fees if applicable, and any other such relief the court deems appropriate.

## SECOND CAUSE OF ACTION

Violations of the California Fair Employment and Housing Act

Cal. Gov. Code §§ 12900 *et seq.*

38. Plaintiff hereby incorporates the previous paragraphs as if they had been fully stated herein.

39. The Accommodation was and is a housing accommodation.

40. Defendants lease and have leased buildings or structures, or a portion thereof, occupied as or designed or intended for occupancy as a residence by one or more families.

41. It is unlawful for Defendants to discriminate against Plaintiff because of Plaintiff's disability.

42. Defendants intentionally discriminated against Plaintiff because of Plaintiff's disability.

43. Alternatively, Defendants' policy of denying persons with assistance animals full and equal access had a discriminatory effect against people with disabilities, such as Plaintiff.

44. Moreover, Defendants' actions constitute harassment.

45. Defendants have refused to provide a reasonable accommodation to Plaintiff as requested.

46. Plaintiff has been injured as result of Defendants' conduct, including, but not limited to, emotional distress, difficulty, and embarrassment.

47. Plaintiff seeks actual damages, punitive damages, an injunction, reasonable attorney's fees and costs, including expert witness fees if applicable, and any other such relief the court deems appropriate.

### THIRD CAUSE OF ACTION

Violations of the Unruh Civil Rights Act

California Civil Code §§ 51-53

48. Plaintiff hereby incorporates the previous paragraphs as if they had been fully stated herein.

49. The apartment complex, including the Accommodation, is a business establishment.

50. Defendants intentionally discriminated against Plaintiff because of Plaintiff's disability.

51. Defendants' acts and omissions with regard to the discriminatory treatment of Plaintiff, on the basis of Plaintiff's disabilities, have been in violation of California Civil Code §§ 51 and 51.5, the Unruh Civil Rights Act, and have denied to Plaintiff's right to full and equal accommodations, advantages, facilities, privileges, or services in (a) business establishment(s).

52. Plaintiff was harmed.

53. Defendants' conduct was a substantial factor in causing Plaintiff's harm.

54. As a result of the violation of Plaintiffs civil rights protected by California Civil Code §§ 51 and 51.5, Plaintiff is entitled to the rights and remedies of California Civil Code § 52, including a trebling of actual damages, minimum statutory damages, as well as reasonable attorneys' fees and costs, as allowed by statute, according to proof, and Plaintiff seeks the same.

55. Plaintiff also seeks to enjoin Defendants from violating disabled persons' rights.

## **FOURTH CAUSE OF ACTION**

Unlawful Acts to Influence a Tenant to Vacate

California Civil Code § 1940.2

56. Plaintiff hereby incorporates the previous paragraphs as if they had been fully stated herein.

57. Defendants want Plaintiff to vacate the Accommodation.

58. Defendants have used, or threatened to use, force, willful threats, or menacing conduct constituting a course of conduct that interferes with the tenant's quiet enjoyment of the premises in violation of Section 1927 of the California Civil Code that would create an apprehension of harm in a reasonable person.

59. In addition, or alternatively, Defendants have committed a significant and intentional violation of California Civil Code Section 1954.

60. Defendants have entered the Accommodation in cases besides those enumerated in California Civil Code Section 1954, e.g. Defendants entered when there was <u>no</u> emergency; Defendants were <u>not</u> entering to provide necessary agreed repairs, decorations, alterations or improvements, services, or to exhibit the accommodation; Defendants were <u>not</u> entering for an inspection in preparation for Plaintiff to vacate pursuant to termination of the tenancy or end of the lease term Defendants were <u>not</u> entering pursuant to a court order; <u>nor</u> were Defendants entering to install a water meter.

61. Further, contrary to Civil Code Section 1954 subd. (c), Defendants have abused the right of access to the Accommodation, and Defendants have used the right of access to the Accommodation to harass Plaintiff.

62. Plaintiff seeks actual damages, punitive damages, civil penalty, statutory damages, an

6
COMPLAINT

injunction, reasonable attorney's fees and costs, and any other such relief the court deems appropriate, to the extent permissible by law.

**PRAYER**

Plaintiff hereby prays for the following:

1. Injunctive relief compelling Defendants to cease their discrimination against disabled persons and remove all accessibility policy barriers that relate to Plaintiff's disability;

2. Damages including actual damages in an amount to be proven at trial, in no event less than $4,000, or the applicable minimum statutory damages, whichever is greater;

3. Civil Penalty / Statutory Damage of $2,000 per occurrence pursuant to Cal. Civil Code section 1940.2.

4. Punitive damages;

5. Attorney's fees pursuant to 42 U.S.C. §§ 3613, Cal. Civil Code sections §§ 52, 54, and/or other statute(s);

6. Expenses;

7. Costs of suit;

8. Other relief that the court deems appropriate.

Dated: June 22, 2022                                Law Office of Rick Morin, PC

                                                    By: Richard Morin
                                                    Attorney for Plaintiff

7
COMPLAINT